SEARS v. ANDREWS et al.

VERDICT IN REPLEVIN — *sufficiency.* If the jury find the issues for the plain
   tiffs, and assess their damages at $10, probably the verdict would not
   answer all issues in an action of replevin; but it is sufficient to determine
   some issues in that action, as, for instance, an issue joined upon plea of
   property in defendant or a stranger.

PRESUMPTION *in support of proceedings of district court — verdict.* Where
   there are no written pleadings, and the record does not disclose the issue
   tried, the verdict being sufficient as to some issues which may arise in
   that form of action, the court will presume that it is responsive to the
   issue which was tried.

## *Appeal from District Court, Gilpin County.*

REPLEVIN by appellees against appellant before a justice
of peace, and appeal to the district court. In the latter
court, the jury returned the following : " We the jury in the
above-entitled cause find for plaintiff and assess the dama-
ges at $10 (ten dollars)."

The court rendered judgment upon this verdict in favor
of the plaintiffs below, for possession of the property, and
for the damages and costs.

Mr. L. C. ROCKWELL, for appellant.

Messrs. POST & MORGAN, for appellees.

HALLETT, C. J. The only question presented for our con-
sideration in this case is the sufficiency of the verdict of the
jury to sustain the judgment of the district court. The
action was brought before a justice of the peace and
removed into the district court by appeal. There are no
written pleadings or other evidence of the issue tried in the
record, and therefore we are unable to ascertain what that
issue was. Probably this verdict would not answer all the
issues which may arise in an action of replevin, but it seems
to us to be responsive to some issues which may arise in
that action. For instance, if the issue was upon a plea of
property in the defendant or in a stranger, this verdict,
though informal, is sufficient to show that the issue was

found for the plaintiffs below and that damages for detaining the property were assessed at $10. "If a verdict can be concluded out of the findings to the point in issue, the court shall work and mould it into form according to the real justice of the case." *Hawks* v. *Crofton*, 2 Burr, 698. As the issue tried in the court below is not given, we are to presume that it was determined by this verdict, for all presumptions are in favor of the regularity of the proceedings. *Hunt* v. *Bennett*, 4 Greene (Iowa), 512, cited by appellant's counsel, is not in point, whatever may be said of it in the digests. It is not difficult to find cases in which verdicts less formal than this have been sustained. *Jarrard* v. *Harper*, 42 Ill. 457.

The judgment of the district court is affirmed, with costs.

*Affirmed.*