PACKARD v. SPELLINGS.

In reserving exceptions, the correct practice is to set down the rulings and exceptions of each term in a separate bill, and procure the signature and seal of the judge at the term, or within a time fixed, and to file the bill as of the term to which it properly belongs.   But a bill of exceptions may embody the proceedings in a cause had at different terms, and if perfected within the time fixed by the court, it will be allowed to stand.

*Error to the Probate Court of Arapahoe County.*

Messrs. PATTERSON & CAMPBELL, for defendants in error, now moved to suppress so much of the bill of exceptions in this cause as set forth the evidence and proceedings upon the trial.   The grounds of the motion are stated in the opinion.

Messrs. SAYRE & WRIGHT, *contra.*

HALLETT, C. J.   The cause was tried at the June term, 1875, of the probate court, resulting in a verdict against plaintiffs in error, who were defendants in that court.   Ex-

ceptions taken by plaintiffs in error to certain rulings of the court, at the trial, were not then drawn up in form, but time was allowed for that purpose, extending sixty days from and after the 30th day of June. A motion for new trial was also entered at the same term, but this was not determined until the 10th day of July following, which was one of the days of the July term. On the day last mentioned, the motion was overruled, to which plaintiffs in error reserved exceptions, and sixty days were allowed for tendering a bill. Judgment having been entered on the verdict, all exceptions taken at the June term, as well as the exceptions to the ruling upon the motion for new trial at the July term, were incorporated in one bill and tendered to the judge on the 18th day of August, which it will be observed was within the time fixed by the order of June 30th, and by the order of July 10th as well. The bill was not signed until Dec. 21st, when certain objections were made to the probate judge, which it will not be necessary to notice except in so far as they are renewed in the present motion. The exact language of the motion is to suppress so much of the bill of exceptions as sets forth the evidence and proceedings upon the trial of the cause, and several reasons are assigned which will be referred to hereafter. Confusion appears to have arisen from the circumstance that the rulings and decisions of the court at the June term are embraced in the same paper with the ruling upon the motion for new trial, which was made at the July term, and the whole is entitled and was filed as of the July term. The correct practice in such case is to set down the rulings and exceptions of each term in a separate bill, and procure the signature and seal of the judge at the term or within the time fixed by the court, and file it as of the term to which it properly belongs. Anciently, the course was to authenticate each exception separately, but in modern practice, all exceptions taken during the trial are usually put into one bill which is sufficiently attested

by the signature and seal of the judge at the foot. *Pomeroy's Lessee* v. *Bank of Indiana*, 1 Wall. 592.

If exceptions taken at several terms are included in one bill, doubts will often arise as to the time when such exceptions were entered, and therefore exceptions taken at each term should be separately authenticated. In this instance, however, no such doubt exists, for it appears distinctly in the proceedings of the court and in the bill of exceptions also, that the trial occurred at the June term and that the motion for new trial was determined at the July term.

Upon this, we perceive that so much of the bill of exceptions as sets forth the proceedings at the trial properly belongs to the June term of court, while that which contains the ruling upon the motion for new trial, is of the July term. That the bill was not filed as of the June term is not in itself an objection, for as was said in *Eldred* v. *Malloy*, 2 Col. 20, if signed and sealed at the term, or within a time fixed by the court, it may be filed on a subsequent day. Objection is not made that the bill, although presented to the judge within the time specified in both orders, was not, in fact, signed until long after such time had expired, and if that should be urged, it does not appear whether the delay was occasioned by the judge or by one or both of the parties. *Underwood* v. *Hossack*, 40 Ill. 98.

Referring to the first and second objections, that the bill was filed and entitled as of the July term, it should be observed that, framed as this bill was, to embrace all exceptions taken at both terms, it was impossible to file it with technical accuracy. If filed as of the June term, it would be said that the ruling upon the motion for new trial was not of that term, and being filed of the July term, it is now said that the proceedings at the trial are not of that term. But these, it is believed, are matters of form rather than of substance, and since we are able to discover the true place of each exception in the record, and the bill was prepared and perfected within the time fixed by the court, we will allow it to stand. Of the same nature is the objection that

the bill was not signed and sealed, as of the term in which the cause was tried, and that it is entitled improperly. Upon what is here alleged we are warranted in assuming that the bill was signed and sealed within a time allowed for that purpose at both terms, and this we have always regarded as sufficient. Clearly distinguishable from this case, and from every other determined in this court, is the case of *Kansas Pacific Railway Co.* v. *Twombly, admx.*, 2 Col. 559, which it was supposed would control the decision of this motion. In that case, a motion for new trial was heard and determined at a term subsequent to that in which the trial occurred, and a principal question was, whether matters occurring at the trial, if renewed in the motion for new trial, were thereby presented for review in this court. The bill of exceptions not having been perfected at the trial term, nor within a time then allowed for that purpose, rulings and decisions of the court upon the trial of the cause were not properly presented in it, and the only matter thereby presented was the ruling upon the motion for a new trial. The evidence given at the trial and the charge of the court to the jury, was regarded as necessary to a correct understanding of the decision of the court upon that motion, and therefore these matters were properly incorporated in the bill of exceptions. The power of the court to hear and determine the motion after the trial term was not doubted, and if the motion could be heard at that time, the right of the parties to except to the rulings of the court and to demand the judgment of this court in review, upon all matters properly presented in and by that motion, was equally clear.

In such case, to limit the aggrieved party to the naked motion, and deny his right to insert the evidence and the charge of the court, without which the presumption would obtain, that the ruling was correct, would be to deprive him of the benefit of his exception. But the right to record exceptions taken at the trial, after the term has passed, when no order was allowed for that purpose, was not then affirmed, but expressly denied; and so the rule was declared in *Or*-

*man* v. *Keith*, 1 Col. 82, and in *Murphy* v. *Cunningham*, id. 467.

In the present case, a just regard for the same rule is maintained, for as to the exceptions entered at the June term, and that which was entered at the July term as well, the bill was tendered to the judge, within the time prescribed by the court, and if it was not then signed and sealed, that fact is not made a ground of objection.

The third ground assigned in the motion, that it does not appear in the bill of exceptions who were defendants in the cause, is hardly worthy of notice, and the other grounds have been sufficiently discussed.

The motion is                        *Denied.*