## DAVIS v. THE PEOPLE.

1. BILL OF EXCEPTIONS.

A bill of exceptions in a criminal cause may be signed and sealed at any time during the trial term or thereafter within a time to be fixed by the court.

2. SAME.

Unless an order shall have been made during the trial term extending the time in which to tender a bill of exceptions for authentication, a bill filed after the term constitutes no part of the record, and may be stricken from the files.   The trial court is under no duty to enter such an order *sua sponte*, even in a capital case.

*Error to the District Court of El Paso County.*

ON the 26th day of September, 1896, the district attorney filed in the district court of El Paso county an information charging the defendant, Walter Davis, with the willful, deliberate and premeditated murder of one Will Fe, upon the 7th day of July, 1896.   The defendant having no means with which to employ counsel for his defense, the law firm of Abbott & Hoffmire was assigned to his defense by the court. The defendant upon being arraigned pleaded not guilty, and by consent of counsel the cause was set down for trial on the 1st day of December, 1896.   As the result of the trial a verdict of guilty of murder in the first degree was returned. Motions for a new trial and in arrest of judgment having been filed and overruled, the district court, on the 15th day of December, 1896, sentenced the defendant to be executed at the penitentiary of the state, upon the calendar week beginning Sunday, January 3, 1897.   To reverse this judgment the defendant, after some delay, filed a transcript of

the record proper and a bill of exceptions in this court, upon which a writ of error was issued and the judgment of the district court superseded. The attorney general now moves to strike the bill of exceptions from the files, because filed after the lapse of the term at which the judgment was rendered, no order extending the time for filing having been made. The statute in reference to writs of error in capital cases reads as follows:

" Any defendant under sentence for a capital offense may have a writ of error to the supreme court upon filing in such court, on or before the commencement of the week of execution, a transcript of the record in the court below, duly certified, with an assignment of errors. In cases wherein a bill of exceptions is necessary to a full understanding of the errors assigned, such bill of exceptions shall also be filed with such transcript. Thereupon the clerk of the supreme court shall issue a writ of error to the trial court and a supersedeas to stay the execution of the sentence of death provided the supreme court may, for cause shown, extend the time in which any act herein required is to be performed." Sess. Laws, 1893, p. 128.

Mr. JAMES HOFFMIRE, Mr. JOHN COCHRAN and Mr. DAVID G. TAYLOR, for plaintiff in error.

THE ATTORNEY GENERAL, Mr. CALVIN E. REED and Mr. GEO. H. THORNE, of counsel, for the People.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The statute of this state, providing for a supersedeas in a capital case, is, perhaps, the most liberal statute in existence. It was prepared by the judges of this court, acting under section 27 of article VI. of the state constitution, and passed by the legislature as prepared. By this statute any defendant convicted of a capital offense may obtain a writ of error by simply filing a transcript of the record proper in this court. The writ of error is issued by the clerk, and made to operate

as a supersedeas without further showing, although if a bill of exceptions is necessary to a full understanding of the errors assigned, such bill of exceptions should also be filed.

In this case the transcript of the record and bill of exceptions should have been filed on or before the commencement of the week of execution, to wit, January 3, 1897. The bill of exceptions was not, however, filed until the 16th day of the month of February following, the transcript being filed two days later. The attorney general now moves to strike the bill of exceptions from the files, for the reason that it was not presented or signed during the term at which the trial was had, and no order having been made for an extension of time.

A bill of exceptions in a criminal cause is unknown to the common law, hence the testimony of witnesses, the instructions, and similar matters did not appear in the record, and with us a bill of exceptions is purely a creation of the statute, and if it can be filed after the term it must be by virtue of the provisions of some statute of this state. In the case of *Van Houton v. The People*, 22 Colo. 53, it was contended that no statute of this state authorized the court to extend the time for filing the bill of exceptions beyond the term. This contention, however, was decided against the state, and it was there held that the statute of 1861 was in force, which permitted the bill to be signed and sealed at any time during the term, *or at any time thereafter, to be fixed by the court.* This is certainly the most liberal construction that the statute will permit; and it has been frequently held that unless an order is made during the term, extending the time, a bill of exceptions filed after the term cannot be made a part of the record, and cannot be considered for any purpose. *Van Houton v. The People, supra;* Elliott's Appellate Procedure, secs. 800–1; *Smith v. The People,* 1 Colo. 121; *Orman v. Keith,* 1 Colo. 82; *Packard v. Spellings,* 3 Colo. 109.

It is not contended in this case that the statute authorizes the signing of a bill after the term, without an order therefor made at the term, but the claim is advanced that it was

the duty of the trial court to enter such order as a matter of right to the defendant. This contention is based upon the practice of some judges to cause such an order to be entered; but this is a mere matter of favor and not a matter of right. In this case there was no necessity for such an order, for the reason that under the act of 1893 the bill of exceptions should have been signed by the trial judge and presented to this court before the commencement of the week of execution. The record shows that this week of execution commenced on the 3d day of January. The district court was then in session and was in session for some days thereafter; so that during all the time given by this statute the bill of exceptions might have been signed without any order of court extending the time; and no application for an extension having been made, it is not unreasonable to suppose that the counsel then engaged in the case were satisfied that the trial had been regular, and that the judgment was proper.

It appears that the next term of the district court of El Paso county convened on Monday, the 11th day of January, the week following the week designated as the week of execution. On the 19th of January counsel for the defendant moved for an order of court directing that the bill of exceptions be prepared at the expense of El Paso county. This motion was denied on the day it was presented. It does not appear from the record whether this application was made upon written or upon oral motion. Counsel for plaintiff in error have argued in this court that it was by written motion, filed during the trial term, but there is nothing in the record showing that such a motion was filed during that term, or at all. Hence, we must conclude that the motion was not made until January 19th, this being the first reference to such a motion disclosed by the record. So that the argument of counsel to the effect that such a motion made during the September term carried the case over to the January term, must fall for failure of the premises upon which the argument is based.

If we were to be guided by our personal wishes in the

matter, we would certainly overrule this motion to strike out, but the law does not permit this to be done. The statute, as we have said, is the most liberal of any in existence, so far as we are advised, and to construe it as counsel desire in this case would be a usurpation of legislative power by the judiciary, and would result in bringing this beneficent act into disrepute, imperil its existence at the hands of future legislatures, and thereby jeopardize the causes of other defendants convicted of capital offenses. In these circumstances, it is our imperative duty to sustain the motion and strike out the bill of exceptions.

*Motion sustained.*