[No. 3749.]

## PETTIT v. THE PEOPLE.

24  517
24  524
24  517
26  544
24  517
f27  366
15a 476

1. PRACTICE—BILL OF EXCEPTIONS.

Errors relating to the giving of instructions, the admission and rejection
of evidence, the conduct of the court in controlling the procedure
at the trial and the insufficiency of the evidence to support the
verdict cannot be considered by the supreme court in the absence
of a bill of exceptions presenting the same.

2. SAME.

A bill of exceptions signed and sealed by the trial court one day after
the record is certified by the clerk, not filed in the district court,
nor certified by the clerk as a true bill of exceptions, cannot be con-
sidered as a part of the record.

3. PRACTICE—INFORMATION.

Where the law provides that an offense may be committed in different
ways, connecting the different methods of committing the offense
with the word "or," an information is not double which charges
a defendant with all the ways in which the offense may be com-
mitted employing the conjunction *and* where the statute has " or."

4. PRACTICE—DEMURRER.

Upon an issue of law raised by demurrer, the court cannot determine a
question of fact presented by affidavit in support of the demurrer,
and which does not appear upon the face of the information.

5. LIQUOR LICENSE.

The law requiring a license for selling liquor applies to cities and incor-
porated towns.

*Error to the District Court of Logan County.*

Mr. W. E. CRISSMAN, for plaintiff in error.

ATTORNEY GENERAL BYRON L. CARR, and Mr. CALVIN
E. REED, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the
court.

The statute on which this prosecution is based, prohibit-
ing the sale of liquor in less quantity than one gallon with-

out having a legal license therefor, is found on page 259 of the Session Laws of 1891 (3 Mills' Ann. Stats. sec 1346). On the trial the defendant was convicted, and upon this writ of error to the sentence thereupon assigns numerous grounds for reversal.

Of those argued, some cannot be considered through the absence of a bill of exceptions upon which they rest. Of the latter kind are those relating to the giving of instructions, the admission and rejection of testimony, the conduct of the court in controlling the procedure at the trial, and the insufficiency of the evidence to support the verdict. The alleged bill of exceptions in the record we are not at liberty to examine. What purports to be a bill is among the files, and an indorsement thereon indicates that it was signed and sealed by the judge one day after the clerk of the district court certified the record up to this court. It appears not to have been filed in the district court, or certified as a true bill by the clerk. We therefore cannot consider it as a part of the record. *Eldred v. Molloy*, 2 Colo. 20; *Packard v. Spellings*, 3 Colo. 109; *Yuma County v. Lovell*, 20 Colo. 80.

Our refusal to discuss such objections is not to be taken as an implied recognition of their merit, but we cannot disregard wholesome rules of practice, and pass upon questions not in the case.

Plaintiff in error is in a position to urge only two of the errors assigned: *first*, that the information is double; *second*, that it charges no offense. The defendant's demurrer, interposed below upon the first ground, was properly overruled.

The alleged duplicity consists in the fact that the information charges that the defendant did " barter, sell and exchange and otherwise dispose of * * * liquor," etc. An information which charges the defendant with all the ways in which a crime may be committed is good, especially under our statute which permits the plaintiff to state the offense in the language of the statute, which was done here.

It is said in 1 Bishop on Criminal Procedure, § 436, in commenting upon a statute like the one before us: " An

indictment upon a statute of this kind may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has ' or,' and it will not be double, and it will be established at the trial by proof of any one of them." So, also : " If the law permits an offence to be committed in different ways, a count is not double, but is good, which charges all the ways, unless repugnant. And the pleader, by avail ing himself of this doctrine, can ordinarily anticipate, in a single count, any and every one of the many uncertain forms which by possibility the proofs may assume."

" This method — namely, charging the offence, whatever it is, in one count, as committed in all the ways known to the law and not inevitably inconsistent with one another, within the probable range of the proofs, and directing the jury that they may find a verdict of guilty on being made satisfied of the truth of so much of the allegation as constitutes an offence — is abundantly sustained by the authorities; while it is practically superior, above all comparison, to the lumbersome indictment of many counts. Let it be borne in mind, that what is thus to be set out is simply one transaction, which, and only which, is to be given in evidence to the jury." Bishop's Directions and Forms, §§ 19, 21. To the same effect, also, see Bishop on Statutory Crimes (2d ed.), § 244; *Boldt v. The State*, 72 Wis. 7.

There is no repugnancy in the ways charged in this information.

The other error which plaintiff may press is that the information charges no offense, because the act done was committed in the incorporated town of Sterling in Logan county. The demurrer attacking the information in this respect, was supported by affidavit. To uphold by affidavit a demurrer, which is supposed to raise questions of law only, is to us a novel practice. Upon its face the information lays the venue in Logan county, and Sterling is not mentioned. We do not see how the court upon this issue of law raised by the demurrer can determine a question of fact; and while, as we

have already said, there is no bill of exceptions in this case to which we may refer, so as to ascertain if upon the trial the fact was brought out that the offense was committed in an incorporated town, still, if such was the fact, it would be no defense in this action.

In the cases of *Mueller v. The People, ante,* p. 251, (48 Pac. Rep. 965), and *Jackson v. The People, ante,* p. 254, (48 Pac. Rep. 1115), it was held that a general law of the state regulating the liquor traffic was operative in all parts of the state, including towns and cities. In principle, these cases are like the one at bar. There is no necessity for restating the argument for that conclusion.

There appearing no error in the record before us, the judgment is affirmed.

*Affirmed.*