[No. 1870.]
SHOLES v. NORRIS.

1. APPELLATE PRACTICE—BILLS OF EXCEPTION.

A bill of exceptions which was not filed in the trial court and contained no certificate of the clerk showing that it had been filed and which was signed at a term succeeding that of the trial and not within any time granted at the term in which the judgment was rendered, is not a part of the record and will not be considered by the appellate court.

2. SAME—ASSIGNMENTS OF ERROR.

Where there is no bill of exceptions assignments of error which question the legality and sufficiency of the verdict and attack the instructions will not be considered.

*Appeal from the County Court of Phillips County.*

Mr. J. S. BENNETT and Mr. Wm. T. ROGERS, for appellant.

Mr. W. D. KELSEY and Messrs. ALLEN & WEBSTER, for appellee.

BISSELL, P. J.

This appeal is prosecuted to set aside a judgment of $20.00 entered in favor of the appellee and against the appellant in what was apparently a replevin suit. We are very much in the dark as to what the suit was about, what the controversy was or the issue on which the case was tried; in fact, we do not know anything about it, that is, we have no legitimate and legal information concerning it. The case comes up here on a record to which is attached what purports to be a bill of exceptions. The bill of exceptions was never filed in the county court, nor is there any certificate of the clerk which shows that the bill of exceptions was filed. Besides, taking the certificate at the end of the bill to be true, it was signed at a term succeeding that of the trial and

not within the time allowed after the verdict and the over-ruling of a motion for a new trial, nor within any time there-after granted during the term. In point of fact it was signed some ten or eleven days after the expiration of the time fixed, although under what purports to be an order of the court made on application therefor.

This statement is all that is necessary for the purposes of this decision. It illustrates the difficulties under which we labor and the absence of any right on the part of the appellant to present or argue or insist on any errors which are discussed in his brief. In the first place he discusses in reality but two errors; one repects the legality and sufficiency of the verdict, which was that the jury found for the plaintiff and assessed his damages at a fixed sum, and the other errors which may be grouped into one, rest upon an attack made on the instructions given to the jury. It is quite apparent that to demonstrate the validity of either assignment, or of any assignment included in the groups, a bill of exceptions is absolutely indispensable. We do not know without the bill of exceptions what the issues were. The case was begun before a justice of the peace and tried there, and afterwards heard in the county court and there were no pleadings and are none in the record and we do not know on what the case went to trial.

It has been determined by the supreme court that a bill of exceptions which has been filed and which is not certified to by the clerk is not legitimately a part of the record and cannot be considered on the appeal. *Pettit v. The People*, 24 Colo. 517. It has likewise been decided by both appellate courts that the court is powerless to extend the time for filing the bill of exceptions after the term, and a bill thus filed is of no value unless it can be supported on some principle of estoppel which will obviate the difficulty resulting from lack of power. *Beulah Marble Co. v. Dixon*, 12 Colo. App. 525.

The bill of exceptions being removed from the record and left unconsidered, there is no basis on which we can discuss the instructions.

The necessity of a bill is equally strong to enable us to determine whether the verdict was good or bad. This might not be the case and the authorities cited by appellant's counsel might be of great force and of determinative significance if the case had been tried on written pleadings so that we could see what the issues were, and whether or not the verdict was responsive. Much learning has been expended on these matters and we might be compelled to consider and discuss the matter but for the want of anything which enables us to ascertain the issues. The supreme court has decided that a verdict in this precise form is perfectly good where it cannot be seen the verdict was irresponsive. *Sears v. Andrews*, 1 Colo. 88.

Since this case is directly decisive of the sufficiency of a verdict of the kind under consideration, under circumstances like those which prevail here we must decline further to discuss the question and simply affirm the judgment, which is accordingly done.

*Affirmed.*