## No. 14,760.

LIVINGSTON *v.* UTAH-COLORADO LAND AND LIVE STOCK COMPANY.

(103 P. [2d] 684)

Decided June 10, 1940.   Rehearing denied June 24, 1940.

Mr. J. F. MEADOR, for plaintiff in error.

Mr. ADDISON M. GOODING, for defendant in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

By its complaint in the court below defendant in error, to which we hereinafter refer as plaintiff, sought recovery of actual damages in the amount of $500, and punitive damages in the sum of $1,000, for the alleged trespass upon its grazing land by sheep belonging to plaintiff in error, whom we shall designate as defendant. The answer of the latter denied the averments of the complaint and in addition, by cross complaint, asked damages from the plaintiff for other alleged trespasses. No questions here arise concerning matters involved in the cross complaint. Upon the initial issues the following verdict was returned: "We, the jury, duly impaneled and sworn in the above entitled cause, do, on our oaths, find the issues herein joined on the complaint in favor of the plaintiff, The Utah-Colorado Land and Livestock Company, and fix its recovery at no actual damages, and $100.00, punitive damages." The defendant prosecutes this proceeding to review the judgment entered against him on the verdict.

On April 11, 1940, upon motion of plaintiff, we struck the purported bill of exceptions for deficiency in certification.

As the sole ground for reversal defendant contends, as a matter of law, that since the jury found by its verdict that plaintiff had sustained no actual damages, there could be no assessment of punitive damages.

It is the general rule that exemplary damages are not recoverable in the absence of proof of actual damages. 15 Am. Jur., p. 706, §270, citing *McConathy v. Deck,* 34 Colo. 461, 83 Pac. 135, 4 L.R.A. (N.S.) 358, 7 Ann. Cas. 896. See, also, annotations on the subject in 16 A.L.R., p. 788; 33 A.L.R. 385; 81 A.L.R. 913; 29 L.R.A. (N.S.) 279; 11 Am. St. Rep. 66; 28 Am. St. Rep. 883. Upon the question of whether it is essential that the

*money extent* of the actual damages must be found as a predicate to an award of punitive damages, the authorities are in conflict. "The position taken in many cases applying the general rule is that in order to sustain an award of punitive damages, the plaintiff must have alleged, proved, and been awarded actual damages. According to this view actual damages must be found as a predicate for the recovery of exemplary damages. Some cases, on the other hand, recognize a more liberal rule, taking the view that if actual damage is shown, even though its amount is not shown or found, exemplary damages may be awarded if there are elements in the case entitling the plaintiff to exemplary damages. In other words, after actual damage is shown it is unnecessary to show its money extent to sustain the judgment for exemplary damages." 15 Am. Jur., p. 707, §270.

■ By our decision in *McConathy v. Deck, supra,* which is generally recognized as a leading authority in support of the view therein expressed, Colorado is committed to the liberal doctrine. In the McConathy case, "The amount of the actual damage sustained by appellee was not found. The court did find, however, facts showing that appellee sustained actual damage, *and the undisputed facts show that he received such damage."* Contrastingly, in the case at bar, the bill of exceptions having been stricken, we cannot with propriety examine the testimony to ascertain the state of the evidence relating to the proof of actual damages, if such was produced. Consequently the verdict of the jury which expressly denied recovery of actual damages to plaintiff must be regarded as tantamount to an affirmative declaration that no actual damages to it were proved or shown at the trial. Thus, even under the generous rule expressed in *McConathy v. Deck,* it cannot be said that there was proper predicate for the punitive damages which the jury attempted to award. The positive tenor of the verdict as to the nonexistence of actual damages destroys any passive inference of a nominal damage

which otherwise might arise from the general findings of the issues in favor of plaintiff in a trespass action of this character.

The distinction between the effect of the general verdict in which through inadvertence or mischance the jury *omitted* the assessment of compensatory damages, and one in which the jury expressly *denied* actual damages was observed in *Clark v. McClurg*, 215 Cal. 279, 9 P. (2d) 505, 81 A.L.R. 908, wherein the rule announced in *McConathy v. Deck, supra*, also was applied.

■■ The jury by way of a message in the form of a verdict decreed "that the costs in these complaints be equally assessed between plaintiff and defendant." Over the objection of both parties the court adjudged that each pay his own costs. Of course, the recommendation of the jury in this connection was improper and not binding on the court. The issues raised by the defendant's cross complaint were resolved in favor of the plaintiff and the taxing of costs as to that branch of the case was discretionary with the court under section 13, chapter 43, '35 C.S.A. Since, in our view, the verdict returned on the issues presented by plaintiff's complaint was impotent to support the recovery attempted to be awarded, it would seem, as to that matter, that plaintiff should pay the costs. Under these circumstances we are unwilling to say that the trial court abused its discretion in apportioning the costs as it did. See *Willoughby v. Willoughby*, 71 Colo. 356, 206 Pac. 792. Therefore, except as to the assessment of costs, the judgment is reversed.

MR. CHIEF JUSTICE HILLIARD not participating.