## No. 17,129.

MEAGHER ET AL. *v.* NEAL ET AL.
(272 P. [2d] 992)

Decided July 12, 1954.

Mr. C. P. RIGBY, Mr. GILBERT C. WHEAT, for plaintiffs in error.

Mr. FRANK DELANEY, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court defendants in error, hereinafter referred to as the Neals, together with three corporations, were plaintiffs, and plaintiffs in error, hereinafter referred to as the Meagher interests, were among a number of defendants named in an action brought to obtain a complete adjudication of the rights and interests of all parties to the suit in and to certain real property in Rio Blanco county, Colorado. The sole matter remaining in the action, now here by writ of error, concerns the rights of the parties now before us to certain oil and gas interests in a part of a certain forty-acre tract embraced within the one hundred-sixty-acre tract mentioned in the complaint. After trial, the court entered findings of fact and conclusions of law and rendered judgment and decree in favor of the Neals and against the Meagher interests, who seek review of the adverse judgment denying their claimed royalty interest, which they had by counterclaim asserted and asked be quieted in them. From their answer we learn that the asserted Meagher claim was based on an agreement dated November, 1925.

By order of this Court, the reporter's transcript submitted with the record in this case, has been stricken because of failure to comply with our Rules of Civil Procedure, so the case is before us on the record made by the complaint, answer and counterclaim, together with the findings of fact, conclusions of law, and the judgment and decree based thereon, entered by the trial judge.

■ The claim that plaintiffs occupied a fiduciary relationship to defendants, who bring the cause here, cannot be considered. Nothing of this sort appears from the pleadings, the findings of the court, or any other part of the record proper. There is nothing in the record before us to indicate that the findings of fact and conclusions of law entered by the trial court are beyond the issues made by the pleadings, and no prejudicial error is pointed out in the judgment and decree entered, or the clerk's record as it is certified to this court.

■ ■ The questions which plaintiffs in error urge as error on the part of the trial court cannot be determined without an examination of the testimony which was introduced at the trial. By order of our Court the reporter's transcript has been stricken, and in the absence of a transcript there must of necessity be a conclusive presumption that the evidence supports the findings of fact entered by the trial court, and that the evidence was against the defeated parties who bring the case here. It is fundamental that an appellate court considers the evidence in the light most favorable to the successful party.

■ In *Sholes v. Norris*, 15 Colo. App. 475, 63 Pac. 124, our Court of Appeals said: "It is quite apparent that to demonstrate the validity of either assignment, or of any assignment included in the groups, a bill of exceptions [now known as reporter's transcript] is absolutely indispensable."

■ In *Grand Lodge v. Grand Lodge*, 86 Colo. 330, 282 Pac. 193, we said: "The lack of a bill of exceptions was alleged by intervener as one of its grounds for dismissal. The absence of the bill makes it conclusive on us that the evidence was against the defeated party who brings the case here." See, also, *Livingston v. Utah-Colorado Co.* 106 Colo. 278, 103 P. (2d) 684.

■ ■ In *Moreau v. Buchholz*, 124 Colo. 302, 236 P. (2d) 540, it was held that questions determinable only upon evidence introduced in the cause cannot be con-

sidered when the reporter's transcript has been stricken. All of the findings of fact essential to a determination of the instant cause in the trial court were in favor of plaintiffs in that tribunal. We observe nothing in the record to indicate that the trial court erroneously applied pertinent rules of law to the findings of fact, hence we must affirm the judgment and decree of the district court. It is so ordered.