**Freddy L. CAREY, Jr.,**
**Plaintiff-Appellant,**

v.

**AFTER THE GOLD RUSH, a Colorado corporation, Defendant-Appellee.**

No. 84CA0830.

Colorado Court of Appeals,
Div. II.

Jan. 30, 1986.

Lutz & Oliver, Owen L. Oliver, Arvada, for plaintiff-appellant.

Zarlengo, Mott, Zarlengo & Winbourn, Charles J. Carroll, Karen R. Wells, Denver, for defendant-appellee.

SMITH, Judge.

Plaintiff Carey appeals a judgment of the trial court entered upon jury verdicts awarding him nominal damages of $1.00 on his claim for assault, and awarding him exemplary damages of $500. On appeal,

plaintiff claims an award of nominal damages will not support an award of exemplary damages. We affirm.

Defendant, After the Gold Rush, operates an establishment licensed to sell 3.2% beer. Plaintiff, a patron of defendant, alleged that defendant's agents and employees assaulted and battered him.

The jury found in favor of defendant on plaintiff's claim of battery, but in favor of plaintiff on his claim for assault. It awarded damages as described above.

Plaintiff argues that the trial court erred in denying his motion for new trial. He claims that the jury verdicts awarding both nominal damages and exemplary damages represent inconsistent verdicts which must be set aside because an award of nominal damages, by itself, will not support an award of exemplary damages. We disagree.

Section 13–21–102, C.R.S., provides for awards of exemplary damages:

"In all civil actions in which damages are assessed by a jury for a wrong done to the person ... and the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages."

There was sufficient evidence of such conduct presented in this case.

Punitive damages serve to punish the defendant and to deter others from similar conduct in the future, but their purpose is not to compensate an injured plaintiff. *Leidholt v. District Court*, 619 P.2d 768 (Colo.1980). Exemplary damages alone cannot constitute the basis for a cause of action—there must be some damage, some injury, however slight, which is susceptible of measurement or determination before a verdict for either actual damages or exemplary damages can stand. *Ress v. Rediess*, 130 Colo. 572, 278 P.2d 183 (1954).

But, while actual loss or detriment is always a prerequisite to the recovery of damages, courts justify "the award of nominal damages in the absence of a showing of loss on the ground that, in the case of violations of the 'rights' in question, the forbidden conduct is of such a nature that the law 'presumes' that damages resulted." C. McCormick, *Law of Damages* § 20 (1935). Thus, even though substantial actual damages have not been shown, it is the egregious nature of the conduct which causes the law to presume, and therefore justify, an award of nominal damages.

Here, the jurors apparently concluded that, while plaintiff failed to show actual loss resulting from the acts of defendant's employees, he nonetheless suffered some injury, although nominal. They obviously felt that an award of exemplary damages was necessary to prevent such conduct in the future. *See Leidholt v. District Court, supra.*

We therefore conclude that nominal damages alone are sufficient to support an award of exemplary damages. *See Taylor v. Sandoval*, 442 F.Supp. 491 (D.Colo.1977).

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.