Michael **BODAH**, Plaintiff-Appellee,

v.

**MONTGOMERY WARD & CO., INC.,**
Defendant-Appellant.

**No. 83CA1473.**

Colorado Court of Appeals,
Div. I.

June 5, 1986.
Rehearing Denied July 3, 1986.

Law Offices of Stephen H. Cook, Stephen H. Cook, Stephanie M. Selden, Boulder, for plaintiff-appellee.

Law Offices of John E. Walberg, Wendelyn K. Walberg, Kurt E. Walberg, Denver, for defendant-appellant.

BERMAN, Judge.

In this action for personal injuries, defendant, Montgomery Ward & Co., Inc. (Ward), appeals the judgment in favor of plaintiff, Michael Bodah, for damages arising when plaintiff fell from a ladder while repairing an electrical sign in one of defendant's stores. We affirm.

Defendant contends the following on appeal: (1) there was insufficient evidence to support the jury's award of punitive damages, or in the alternative, any punitive damage award should be reduced by the amount of negligence attributed to plaintiff; (2) the trial court improperly instructed the jury on the principle of negligence per se; and (3) the trial court failed to instruct the jury on the presumption of regularity of acts by public officials.

Plaintiff was employed by a business that builds, installs, and services neon signs for other businesses. On January 8, 1980, plaintiff proceeded to the defendant's store in Boulder to repair its neon sign. Similar repairs had been done on the sign, on three previous occasions.

During these previous occasions, it was necessary to disengage the electrical current to the neon sign while making the repairs. However, the same switches which controlled the flow of electricity to the sign also controlled the flow of electricity to the cash registers in the store. As a result, there were instances when Wards' personnel reengaged the electrical current while the repairs were still taking place. The management was informed of this and stated that the situation would be corrected.

When plaintiff arrived at Ward, he was unaware of the previous incidents. After disengaging the electrical current to the neon sign, he climbed the ladder to repair the sign. As he was repairing it, the electricity came back on. The shock threw him off of the ladder, and he fractured both his wrists in the fall. A judgment of $70,000

for both actual and punitive damages was rendered in his favor. This appeal ensued.

## I.

Defendant contends that there was insufficient evidence to support the jury's award of punitive damages, or in the alternative, any punitive damages should be reduced by the amount of negligence attributed to plaintiff. We disagree.

Section 13–21–102, C.R.S., provides that a jury may award exemplary damages when "the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings."

■ The requirements for the award of exemplary damages are met if the defendant, while conscious of his conduct and cognizant of existing conditions, knew, or should have known, that injury would probably result from his acts. *Frick v. Abell,* 198 Colo. 508, 602 P.2d 852 (1979). The standard to be applied in reviewing the efficacy of such award is whether there was sufficient evidence, when viewed in its totality and in the light most supportive of the verdict, to support the jury's finding on the issue. *See People v. Bueno,* 188 Colo. 396, 534 P.2d 1196 (1975).

### A.

■ Ward claims that there was not sufficient evidence to support the jury's finding of the facts necessary to justify the award of exemplary damages. Here, the record indicates that on at least three occasions prior to the plaintiff's injury, defendant was notified that a dangerous situation involving a significant threat of injury was created by the reengagement of the defendant's electrical system while a person was repairing the store's neon sign.

Further, there was sufficient evidence for the jury to conclude that defendant had expressly learned on each occasion that this risk of injury was due to the conditions at the store, specifically, that the same switches which controlled the flow of electricity to the sign also controlled the flow

of electricity to the cash registers. Further, there was no evidence that defendant had taken measures to alleviate the danger. From this evidence, the jury could reasonably have concluded that beyond a reasonable doubt Ward acted with wanton and reckless disregard. *See* § 13–21–102, C.R.S.

### B.

Defendant's argument that the trial court erred when it failed to reduce the punitive damage award by the amount of negligence attributed to the plaintiff is incorrect.

■ Since the purpose of punitive damages is to punish the wrongdoer as an example to others, and not to compensate the plaintiff, an award of punitive damages is unrelated to the plaintiff's conduct. *Frick v. Abell, supra; Mailloux v. Bradley,* 643 P.2d 797 (Colo.App.1982). Moreover, a comparison of the degree of negligence of each party does not apply to punitive damages. *See* § 13–21–103, C.R.S.; *see* § 13–21–111(2)(b), C.R.S.

## II.

Defendant next contends that the trial court improperly instructed the jury on the principle of negligence per se. We disagree.

A jury instruction recited a city ordinance which required that:

"each sign ... shall be controlled by an externally operable switch ... The switch required shall be within sight of the sign."

The jury was instructed that violation of this ordinance constituted negligence per se.

■ Defendant contends that, since it had no notice of any dangerous condition, it was improper to instruct the jury on negligence per se. However, a defendant need not have notice that his conduct constitutes a violation of the law in order for an instruction on negligence per se to be appropriate. *See* § 18–1–504(2), C.R.S. (1978 Repl.Vol. 8).

### III.

Defendant's final contention is that the trial court erred in failing to instruct the jury on the presumption of regularity of acts by public officials. We disagree.

Defendant requested that the jury be instructed that public officials are presumed to have discharged their duties properly and in compliance with the law. The law in question is Boulder City Ordinance No. 2097(e) which provides that: "[N]o wiring system shall be used or power supplied until the required certificate of inspection and approval has been issued...."

However, the evidence showed that no inspection had ever occurred, nor had such inspection ever been applied for by Ward. Thus, the defendant is not entitled to any instruction by which the jury would be told to presume there was no code violation.

Furthermore, to the extent that evidence was raised by the defendant to give rise to such a presumption, sufficient evidence was presented to rebut it. *See* CRE 301. Defendant's other contentions are without merit.

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.