**W.H. WOOLLEY & CO., a general partnership, William J. Woolley, Dan A. Woolley, William H. Woolley, and Marian H. Woolley, Plaintiffs-Appellees,**

v.

**BEAR CREEK MANORS, a limited partnership, George A. Brown, and Charles R. Scheeler, Defendants-Appellants.**

No. 84CA0805.

Colorado Court of Appeals, Div. II.

Dec. 18, 1986.

Rehearing Denied Jan. 15, 1987.

Certiorari Denied (Bear Creek Manors) April 27, 1987.

McDonald & Cox, Phyllis Cox, Denver, for plaintiffs-appellees.

Bostrom, Haring & Hitt, P.C., William H. Haring, Guy M. Heyl, Denver, for defendants-appellants.

VAN CISE, Judge.

In October 1974, plaintiffs (the Woolleys) together with Merle R. Jones and Richard E. O'Brien (collectively the landowners) entered into a contract with defendants George A. Brown and Charles R. Scheeler (developers) to pool and jointly develop and sell landowners' properties. At the same time they executed articles of limited partnership for the purpose of facilitating the pooling and joint development and sale of such properties. Irreconcilable differences arose between the parties, and the Woolleys instituted this action to quiet the title to their property as against any claims of the developers (and others not involved in this appeal). The developers filed five counterclaims seeking damages for fraud, breach of contract, quantum meruit, constructive trust, and partnership dissolution.

Prior to trial in 1984, the parties stipulated to the issuance of a decree quieting title in the Woolleys. After a two week trial to the court, it entered judgment in favor of the developers in the sum of $100,000 as "reasonable compensation for their efforts in obtaining annexation of the land to the City of Lakewood and the subsequent rezoning," plus interest at 8% from June 1, 1982, the date of the filing of the counterclaim. No court costs were awarded to any of the parties.

The developers appeal the amount of the judgment, the interest date, and the court's failure to award costs. We affirm.

The contract provided for the developers to have the properties rezoned to planned unit development, or other zoning as agreed, within a specified time. Also, the developers were to arrange for the financing, at which time the landowners would convey land as required into the partnership for further disposition. Ultimately, the developers would receive 50% of the profits and the landowners would divide the other 50%. Developers succeeded in having the properties annexed to Lakewood, but did not accomplish either the rezoning or financing within the extended contract deadline of May 1977. At that point, Jones and O'Brien withdrew upon paying the developers most of their out-of-pocket expenses incurred to the time of withdrawal.

The Woolleys agreed to permit the developers to continue their efforts concerning the Woolley land. The zoning application was approved by Lakewood September 26, 1977. Thereafter, disputes arose that could not be resolved.

### I.

Developers first contend that the trial court erred in holding that the Woolleys had not repudiated the contract commitments and thus also in not awarding breach of contract damages accordingly. We do not agree.

■ The trial court found "that the [developers] never submitted to the [Woolleys] any evidence that they would be able to obtain financing, and this was a condition precedent to the Woolleys' releasing any parcel of their land to the partnership. Be-

cause [developers] were not able to obtain financing for development of the land, no improvements were made, and the aims and purposes of the contract between the [Woolleys] and [developers] were not accomplished." These findings are supported by substantial evidence and are, therefore, binding on appeal. *Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970). Implicit in these findings is the conclusion that, if anyone breached or repudiated the contract, it was the developers and not the Woolleys.

## II.

Developers next contend that, even if they are not entitled to damages for breach of contract, the amount awarded under the doctrine of quantum meruit was improperly determined. They argue that they are entitled to an amount equal to the enhancement in the value of the land resulting from the annexation and rezoning, rather than merely the market value of equivalent services for those efforts. We disagree.

■ Where, as here, the parties seeking restitution have themselves committed a material breach, uncertainties as to the amount of the benefit may properly be resolved against them. "To the extent that the benefit may reasonably be measured in different ways, the choice is within the discretion of the court." *Restatement (Second) of Contracts* § 371 comment a (1981).

■ Here, the trial court, on competent evidence, measured the reasonable value of the services in terms of what it would have cost the Woolleys to obtain them from others instead of the developers. The court did not abuse its discretion in adopting this measure. *See Restatement (Second) of Contracts* § 371(a) (1981).

## III.

The developers assert that the trial court erred in awarding prejudgment interest only from the date of filing of the quantum meruit counterclaim, June 1, 1982. They argue that they are entitled to interest from the date the Woolleys received the benefits of their services, September 26, 1977, the date the annexation application was approved. We do not agree.

Section 5–12–102(1)(b), C.R.S. (1986 Cum. Supp.) provides in pertinent part: "Interest shall be at the rate of eight percent per annum compounded annually for all moneys ... after they are *wrongfully withheld* or after they *become due* ..." (emphasis supplied) Section 5–12–102(3), C.R.S. (1986 Cum.Supp.) states: "Interest shall be allowed ... even if the amount is unliquidated at the time of wrongful withholding or at the time when due."

■ There is nothing in the record showing any "wrongful withholding" of any money from developers, or any demand for or expectation of payment by developers, at any time prior to the filing of their counterclaims. Until such time as payment for services is expected or demanded, payment cannot be deemed to have become due and nonpayment cannot be deemed a wrongful withholding. Consequently, the trial court was correct in awarding to developers prejudgment interest from the date of filing of their counterclaims. *See Danburg v. Realties, Inc.,* 677 P.2d 439 (Colo.App.1984).

## IV.

■ We disagree with the developers' contention that the trial court erred in not awarding them their court costs. The Woolleys prevailed not only on their quiet title complaint, but on four out of the five counterclaims as well. The developers obtained a judgment in only one. Where both parties prevail, an award or allocation of costs is solely in the discretion of the court. Sections 13–16–108 and 13–16–109, C.R.S.; *Livingston v. Utah-Colorado Land & Live Stock Co.,* 106 Colo. 278, 103 P.2d 684 (1940). There was no abuse of discretion here.

## V.

The developers' other contentions are without merit.

Judgment affirmed.

SMITH and KELLY, JJ., concur.