**Craig W. WHITE, Plaintiff–Appellant,**

v.

**Gary L. HANSEN and Erving V. Hodgkinson, Defendants–Appellees.**

**No. 88CA0943.**

Colorado Court of Appeals,
Div. V.

Aug. 30, 1990.

Rehearing Denied Feb. 14, 1991.

Certiorari Granted Aug. 5, 1991.

Louis A. Weltzer and Stephen R. Ehrlich, Denver, for plaintiff-appellant.

Law Office of Gary P. Sandblom, P.C., Gary P. Sandblom, Boulder, for defendant-appellee Gary L. Hansen.

Robert A. Francis, Aspen, for defendant-appellee Erving V. Hodgkinson.

Opinion by Judge DUBOFSKY.

In this personal injury action, plaintiff, Craig W. White, appeals the judgment entered on a jury verdict which, by the trial court's application of the comparative negligence and punitive damages statutes, denied him any recovery against defendants, Gary L. Hansen and Irving V. Hodgkinson. We affirm in part and reverse in part.

As plaintiff and a companion were walking down a street in Aspen, Colorado, at approximately 3:00 a.m. on March 24, 1983, they were struck by an automobile driven by Hansen. Prior to the accident Hansen and the owner of the vehicle, Hodgkinson, had dinner together at a restaurant and later went to a local bar.

Since Hansen was experiencing mechanical problems with his automobile, Hodgkinson allowed Hansen to use his vehicle. Hansen first drove Hodgkinson home, and then, as he proceeded across town to his own residence, he struck plaintiff and his companion Larsen. Plaintiff suffered a concussion and injuries to his right knee and leg.

Plaintiff brought claims against Hansen for negligently driving the automobile and against Hodgkinson for negligently entrusting his vehicle to Hansen.

The jury found Hodgkinson did not negligently entrust his vehicle to Hansen. It also found both plaintiff and Hansen to be 50 percent negligent. The jury assessed the value of plaintiff's injuries at $1,000. Pursuant to the Colorado comparative neg-

ligence statute, § 13–21–111, C.R.S. (1987 Repl.Vol. 6A), the trial court entered judgment for Hansen against plaintiff on the negligence claim. The trial court also vacated a $5,000 punitive damage award.

## I.

■ Plaintiff argues the trial court erred in applying the Colorado comparative negligence statute, § 13–21–111, to the award of compensatory damages as Hansen's conduct was determined to be willful and wanton. We disagree.

*G.E.C. Minerals, Inc. v. Harrison Western Corp.*, 781 P.2d 115 (Colo.App.1989) is dispositive of this issue. In that case this court held:

"The statute [13–21–111] requires the comparison of each party's fault irrespective of whether such fault is attributable to simple negligence, gross negligence, or willful and reckless negligence."

Thus, the trial court did not err in applying § 13–21–111 to the award of compensatory damages.

## II.

■ Plaintiff next argues the comparative negligence statute does not prevent him from recovering exemplary damages from Hansen. We agree.

The trial court entered judgment for defendants based upon the jury's finding that plaintiff and Hansen were each 50 percent negligent. The trial court determined that the award of exemplary damages was not proper because there was not an allowable award of compensatory damages. We disagree with this reasoning in that the jury recognized an injury to plaintiff and assessed compensatory damages of $1,000. *See* § 13–21–102(1)(a), C.R.S. (1987 Repl. Vol. 6A).

Exemplary damages are allowed in those cases in which the defendant's conduct rises to the level of wanton and reckless disregard of the injured party's rights. Section 13–21–102, C.R.S. (1987 Repl.Vol. 6A). The purposes of awarding exemplary damages against a defendant in a civil action,

as stated by the court in *Leidholt v. District Court*, 619 P.2d 768 (Colo.1980):

"is not to compensate an injured plaintiff, but to punish the defendant and to deter others from similar conduct in the future."

*See* D. Dobbs, *Remedies* § 3.9 (1973); Restatement (Second) of Torts § 908 (1979).

An award of exemplary damages cannot be reduced by the percentage of comparative negligence assessed against the plaintiff. *Jacobs v. Commonwealth Highland Theatres, Inc.*, 738 P.2d 6 (Colo.App.1986). In *Bodah v. Montgomery Ward & Co.*, 724 P.2d 102 (Colo.App.1986) the court stated:

"Since the purpose of punitive damages is to punish the wrongdoer as an example to others, and not to compensate the plaintiff, an award of punitive damages is unrelated to plaintiff's conduct.... Moreover, a comparison of the degree of negligence of each party does not apply to punitive damages...."

In *Carey v. After The Gold Rush*, 715 P.2d 803 (Colo.App.1986), this court sustained a $500 award in exemplary damages when there was a nominal damage award of only $1. In interpreting the import of the language of § 13–21–102, the *Carey* court stated:

"Exemplary damages alone cannot constitute the basis for a cause of action— there must be *some damage, some injury*, however slight, which is susceptible of measurement or determination before a verdict for either actual damages or exemplary damages can stand." (emphasis added)

Here, there is no question of injury to the plaintiff. Indeed, the jury put a value on the injury of $1,000. Plaintiff, therefore, met the proof of injury requirement of *Carey v. After The Gold Rush, supra.*

Furthermore, under § 13–21–102, an award of exemplary damages is proper when the jury has "assessed" damages. "Assess" in its ordinary sense "mean[s] 'to fix' the amount of the damages or the value of the thing to be ascertained." *New Orleans Terminal Co. v. Dixie Rendering, Inc.*, 179 So. 98 (La.App.1938); *see Black's Law Dictionary* 106 (rev. 5th ed. 1979).

The special verdict form submitted to the jury asked the jury to "state the total amount of damages incurred by the plaintiff and caused by the negligence of any of the parties to this lawsuit." The jury responded to that question by assessing plaintiff's damages at $1,000, thereby recognizing an injury to plaintiff.

Since the comparative negligence of a plaintiff does not affect the award of exemplary damages, a jury determination that a plaintiff was 49 percent comparatively negligent would not affect either the fact or the amount of an award of exemplary damages. *See Jacobs v. Commonwealth Highland Theatres, Inc., supra; Bodah v. Montgomery Ward & Co., supra.* Under the rationale of *Jacobs* and *Bodah* it would be inconsistent to disallow an award of exemplary damages when, as here, plaintiff is 50 percent negligent and defendant is guilty of wanton and willful conduct.

In *Livingston v. Utah–Colorado Land & Live Stock Co.*, 106 Colo. 278, 103 P.2d 684 (1940), the court stated:

"By our decision in *McConathy v. Deck*, [34 Colo. 461, 83 P. 135 (1905)], which is generally recognized as a leading authority in support of the view therein expressed, Colorado is committed to the liberal doctrine. In the *McConathy* case 'The amount of actual damage sustained by appellee was not found. The court did find, however, facts showing that appellee sustained actual damage, and the undisputed facts show that he received such damage." (emphasis omitted)

By this statement, the *Livingston* court adopted the rule that so long as injury or damage was shown by the plaintiff, even if no compensatory award was made by the jury, then punitive damages could be awarded. That is, the necessary predicate for an award of punitive damages was injury or loss, not a receipt of compensatory damages by the plaintiff.

In *Ress v. Rediess*, 130 Colo. 572, 278 P.2d 183 (1954), however, the court held that if a party is injured or damaged a jury must place a monetary value on the injury before punitive damages are recoverable.

The holdings in these cases lead to the conclusion that an injury or other damage which is quantified and stated by the jury constitutes an actual award of damages and, if defendant is guilty of wanton and willful conduct, is the only other predicate for recovery of punitive damages. There is no necessity that the plaintiff receive money from a compensatory damage award. It is sufficient if, as here, there is a injury which is monetarily quantified by a jury.

Accordingly, we conclude that the award of exemplary damages was proper and that the trial court erred in vacating that portion of the jury's verdict.

### III.

█ Plaintiff argues the jury's verdict finding Hodgkinson not liable for negligent entrustment was so against the weight of the evidence as to require setting it aside. We disagree.

Hodgkinson testified that there was nothing to indicate to him that Hansen could not safely operate the vehicle. There was no evidence presented that Hodgkinson was aware of the number of drinks Hansen had throughout the evening or that the alcohol consumed by Hansen had affected his ability to operate Hodgkinson's vehicle properly.

Under the evidence presented, the jury could properly infer that Hodgkinson was not negligent, and accordingly, its resolution of that factual issue is binding on appeal. *See Vigil v. Pine*, 176 Colo. 384, 490 P.2d 934 (1971).

### IV.

█ Relying solely on § 13–21–301, C.R.S. (1987 Repl.Vol. 6A), plaintiff argues it was error for the trial court to admit as evidence excerpts of a statement made by the person accompanying him at the time of the accident. We disagree.

Section 13–21–301 provides that if a person is injured as a result of an occurrence which might give rise to liability, and that person is under the care of a practitioner of healing arts, then no person or agent of

any person whose interest is adverse to the injured person may take a statement from the injured person within 15 days of the date of the occurrence. Furthermore, § 13-21-301(2), C.R.S. (1987 Repl.Vol. 6A) states:

"Any statement, written, oral, recorded, or otherwise, which is given by the *injured party* in violation of this section *may not be used in evidence against the interest of the injured party in any civil action relating to the injury.*" (emphasis added)

In *Safeway Stores, Inc. v. Smith,* 658 P.2d 255 (Colo.1983), the court held the legislative intent in passing § 13-21-301(2) was "to prevent hasty settlements and to prohibit the evidentiary use of statements made by injured persons before the passage of enough time following an injury to permit the injured party to evaluate his condition carefully."

Plaintiff argues that admission of the statement made by his companion, who is not a party to this proceeding, to defendant's investigator is prohibited by § 13-21-301.

However, by its plain language, § 13-21-301 prohibits use of such statements against the injured party who made the statement. Therefore, the clear import of the language is that the right to have statements excluded from evidence is personal to the person making the statement. Furthermore, the legislative history demonstrates that the General Assembly intended to limit the exclusion of statements of injured parties to only those parties who were confronted with their own statements. Thus, the statute does not preclude the use of the statement, if otherwise admissible, against a party who is not the injured individual who made the statement.

Therefore, the trial court did not err in admitting the statement.

The other issues raised by plaintiff are without merit.

The judgment is reversed insofar as it vacated the award to plaintiff of $5,000 in exemplary damages. In all other respects, the judgment is affirmed.

JONES and RULAND, JJ., concur.