In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 14-3244

SAMMY J. MOORE,

*Plaintiff-Appellant,*

*v.*

PETER LISZEWSKI, *et al.,*

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Southern District of Illinois.
No. 11-cv-1148 — **Stephen C. Williams**, *Magistrate Judge.*

_____

SUBMITTED JULY 25, 2016 — DECIDED SEPTEMBER 23, 2016

_____

Before BAUER, POSNER, and FLAUM, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff, an Illinois state prison inmate, brought this federal constitutional suit against a correctional officer (and other prison employees, but they unquestionably were properly dismissed by the district court) with whom he had had an altercation almost a decade ago. He claimed that the officer, Peter Liszewski, had used excessive force against him. Following our remand from the initial

dismissal of his suit, see *Moore v. Mahone*, 652 F.3d 722 (7th Cir. 2011), the case was tried to a jury. The jury's verdict determined that Liszewski had indeed used excessive force against the plaintiff, but awarded Moore only nominal damages–$1–on the ground (one of the options given the jury in the judge's instructions) that the excessive force had not caused injury to the plaintiff and thus he had no entitlement to compensatory damages—there was nothing to compensate him for.

It's a considerable mystery why nominal damages, which rarely exceed $2 and more commonly are as in this case only $1, are ever awarded. They have negligible value to the recipient, and doubtless impose a greater cost in the time and paperwork involved in the judge's explaining nominal damages in the jury instructions and recording the award in the judgment. The explanation usually given for awarding nominal damages is that the award demonstrates that the plaintiff was victorious in the suit. But he wasn't. The suit sought money, and yielded him a negligible amount. It would be simpler, cheaper, and faster if in a case like this the trial judge simply ordered the suit dismissed, explaining that the plaintiff (for whom the judge in this case had recruited a lawyer) had a valid claim of excessive force, but that not having been injured by it was not entitled to compensation but could have the satisfaction of knowing that he had been wronged, though harmlessly, by the defendant.

Dan N. Dobbs, in his book *Law of Remedies* § 3.3(2), pp. 295–96 (2d ed. 1993), offers two principal reasons for nominal damages. The first is that "some suits might be brought much as declaratory judgment suits are brought, to determine a right. A money recovery would not be the real object

in such a suit. … Relatedly, a plaintiff might seek vindication of a right which is not economic in character and for which no substantial non-pecuniary award is available. A plaintiff might, for example, wish to establish a constitutional right, even if a large damage verdict is not possible." This is not entirely satisfactory. A jury verdict awarding nominal damages is not a small rather than a large damages award; functionally it is no damages award at all. If the plaintiff goes around bragging that he won his suit, and is asked what exactly he won, and replies "$1 dollar," he'll be laughed at.

Professor Dobbs's second explanation for nominal-damages awards is that such an award "is, realistically, a rescue operation. The plaintiff has established a cause of action but has no damages or has been unable to prove the damages she does have. If that led to a judgment for the defendant, the plaintiff would normally be required to pay the court costs. To avoid that and put the cost burden on the defendant, nominal damages are awarded." This is fair enough but the straightforward alternative would be to skip the nominal damages and simply rule that if the plaintiff prevails on the merits but can't prove any monetizable harm from the defendant's wrongdoing, the defendant must pay the court costs.

There is a third explanation for nominal damages, though it's similar to the second. Some federal statutes, such as the Civil Rights Fee Award Act, authorize awarding the "prevailing" party attorneys' fees as well as court costs. 42 U.S.C. § 1988(b). To prevail in litigation it's not enough for a plaintiff to persuade a judge or jury that his rights were violated if he has no damages, *Hewitt v. Helms*, 482 U.S. 755 (1987); *Rhodes v. Stewart*, 488 U.S. 1 (1988), but the plaintiff

may be deemed prevailing even if the only damages he obtains are nominal. *Farrar v. Hobby*, 506 U.S. 103 (1992); Dobbs, *supra,* § 3.10. And finally some courts hold that while a plaintiff cannot be awarded punitive damages without obtaining actual damages, *id*. § 3.11(10), pp. 512–14, nominal damages are "actual enough" to satisfy the actual-damages requirement and thus permit an award of punitive damages to the plaintiff. See, e.g., *Carey v. After the Gold Rush*, 715 P.2d 803 (1986).

The alternative, which would make the life of the law a little more livable, would be a rule that a party that establishes a violation of his legal right is entitled to an award of court costs and/or attorneys' fees, period—that is, without regard to whether he has obtained *any* damages. Such a rule would reduce paperwork and judge and jury time without disserving deserving plaintiffs. At present, however, the nominal-damages rule is entrenched. See F. Andrew Hessick, "Standing, Injury in Fact, and Private Rights," 93 *Cornell L. Rev.* 275 (2011). The Supreme Court said in *Carey v. Piphus*, 435 U.S. 247, 266 (1978), that "By making the deprivation of such rights [procedural due process, in *Carey*] actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights. Because the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, we believe that the

denial of procedural due process should be actionable for nominal damages without proof of actual injury" (citations omitted). Notice that this could be read as limiting nominal damages to cases in which the plaintiff had been deprived of a constitutional right though with no resulting harm to him, but no such limitation can be found in the case law after *Carey*.

The plaintiff in our case of course wants more than just nominal damages. He argues that he *was* injured by Liszewski–that in the altercation Liszewski had struck him on the head twice with Liszewki's walkie-talkie. But there was contrary evidence as well, evidence that the injury was attributable to the plaintiff's having fallen and hit his head on a table, an accident not caused by Liszewski. The jury evidently agreed with that evidence, as it was entitled to do. There were a number of witnesses, both prison inmates and prison staff, to the altercation, and the cause of the injury could not be definitively determined. This allowed the jury to side with Liszewski to the extent of ruling that Moore had incurred no actual damages but entitling him to nominal damages and whatever increments, such as court costs and attorneys' fees, to which an award of nominal damages entitles the plaintiff. The judge awarded those costs and fees directly to the lawyer whom the judge had recruited for Moore, and that was proper because Moore had incurred neither expense.

The judgment of the district court is therefore

AFFIRMED.


BAUER, *Circuit Judge*. I concur with the affirmance of the judgment of the district court.