No. 17,704.

BRENNAN CONSTRUCTION COMPANY, INC. *v.* COLORADO SPRINGS COMPANY.
(295 P. [2d] 686)

Decided March 12, 1956.   Rehearing denied April 23, 1956.

Mr. JOHN H. GATELY, for plaintiff in error.

Messrs. MURRAY, BAKER & WENDELKEN, Mr. ROBERT L. SPURGEON, Mr. H. T. McGARRY, Mr. ROWAN T. THOMAS, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

FOLLOWING the issuance of writ of error in this cause, and on December 15, 1955, the reporter's transcript lodged by plaintiff in error was stricken on motion of defendants in error.

January 13, 1956, plaintiff in error filed its opening brief and a copy thereof was served on defendants in error. January 26, 1956, defendants in error filed a motion to dismiss the writ of error and filed a brief in support thereof. The matter now stands before this Court on the questions raised by the motion to dismiss the writ of error.

The grounds upon which the motion to dismiss is based are as follows:

1. That it appears from the brief of plaintiff in error that the grounds on which it relies for reversal of the judgment of the trial court depend upon the proceedings had and evidence introduced upon the trial of the cause and which are disclosed only by reference to the reporter's transcript.

2. That the reporter's transcript having been stricken, none of the matters relied on for reversal can properly be considered by the court.

3. That no ground for reversal is alleged or urged in the brief of plaintiff in error based upon the record on error apart from the reporter's transcript.

The only matters now properly before this Court are those disclosed by the record of the clerk of the trial court. This record consists of the amended complaint, the answers filed by the several defendants, the petition to strike appearances and answers and for default, the

orders denying said petition, defendants' motion for summary judgment and notice of hearing thereon, order for summary judgment and the summary judgment entered in the trial court.

Examination of the foregoing discloses no basis for any of the grounds upon which plaintiff in error relies for reversal. The first point argued by its counsel is that, "The judgment relied upon to sustain the plea of res judicata was entered because of a technicality in the pleading, which did not go to the merits of the case." Nothing in the clerk's record, which is all we can consider, throws any light upon the questions raised by that argument. To determine whether the doctrine of res judicata is applicable to this controversy would require a study of the reporter's transcript. There is no transcript before us in this case. In *Meagher et al. v. Neal et al.*, 130 Colo. 7, 272 P. (2d) 992, it was held that, "Questions determinable only upon evidence introduced in the cause cannot be considered when the reporter's transcript has been stricken."

The second point argued by counsel for plaintiff in error is that, "None of the defendants are properly in court. They are all in default." On December 15, 1955, we denied the motion of plaintiff in error, previously filed, in which it sought to strike the appearances of defendants in error and to enter a default against them. This question therefore has previously been decided in this cause. There is no rule of law which permits a party to relitigate an issue which has once been determined adversely to him.

The writ of error is dismissed.

MR. JUSTICE SUTTON not participating.