No. 17,217.

THE BRENNAN CONSTRUCTION COMPANY, INC *v.*
THE COLORADO SPRINGS COMPANY, ET AL.
(356 P. [2d] 901)

Decided October 24, 1960.   Rehearing denied November 28, 1960.

Mr. JOHN H. GATELY, for petitioner.

*En Banc.*

PER CURIAM.

ON April 28, 1953, the plaintiff in error, herein referred to as Brennan, through its secretary and attorney, one John H. Gately, commenced a suit against the de-

fendants in error, herein referred to as defendants, in the district court of El Paso county. The purpose of the suit was to collect from the defendants the sum of $3,000,000.00 damages allegedly suffered by Brennan as the result of a conspiracy to breach and extinguish a building construction contract. After proper hearings the trial court dismissed Brennan's complaint, whereupon Brennan sought review by writ of error in this court. On June 14, 1954, the judgment of dismissal was affirmed by this court and, on July 6, 1954, Brennan's petition for a rehearing was denied, thus putting the matters involved in that suit at rest. *Brennan Co. v. Colo. Springs Co.,* 129 Colo. 499, 271 P. (2d) 1051.

Unmindful of the fundamental and elementary rule of law that matters once finally adjudicated cannot be relitigated, Brennan, through its secretary and attorney, the John H. Gately above referred to, on September 1, 1954, filed in the same district court another action in which the parties and claims were the same as, and identical with, those set forth in the first action above mentioned. However, in this second suit Brennan was somewhat more modest in its demands, asking for a mere 10% of its original demand, or $300,000.00 as damages. The trial court disposed of the second action by summary judgment. That judgment was, at the instance of Brennan, acting through its secretary and attorney, the aforementioned Gately, reviewed by this court and on March 16, 1956, was affirmed. A petition for rehearing was denied on April 23, 1956. *Brennan v. Colo. Springs,* 133 Colo. 301, 295 P. (2d) 686.

Though twice denied relief by an able trial judge, and twice by this court, Brennan and Gately remained unconvinced and, still seeking $3,000,000.00 in the first suit and $300,000.00 in the second suit, of defendants' money, in a sort of package deal submitted the matters to the Supreme Court of the United States for review. That court, on November 5, 1956, denied certiorari. *Brennan Co. v. Colo. Springs Co.,* 352 U. S. 886.

Certainly Brennan had had its day in court, its rights had been fully and finally adjudicated, it had exhausted all available legal remedies. Notwithstanding the foregoing, on September 2, 1960, Gately, as secretary and attorney for Brennan, filed herein a petition, by him sworn to, seeking to have the judgments in the above mentioned cases set aside and the fanciful relief of an order of this court directing the trial judge to:

" * * * enter judgment in favor of the Petitioner herein [Brennan Construction Co.] as prayed for in the Complaint filed in said causes [presumably $3,000,000.00 in the first case and $300,000.00 in the second case]."

The reasons, if they may be so styled, urged for setting aside the judgments are not stated in direct, meaningful language, but from the petition before us it may be gleaned that Brennan is seeking to allege that a bribe of $3500.00 was paid by one Harding to the Honorable E. V. Holland, formerly and for fifteen years an Associate Justice of this Court and for the year 1958 its Chief Justice, for the purpose of influencing this court in determining the issues presented by the writs of error referred to, and that because of the alleged bribery the judgments are tainted with fraud and as a consequence thereof null and void.

Notwithstanding that the petition on its face was palpably insufficient to charge the acceptance of a bribe by a member of this court, and considering that wide publicity had been given to the contents of the petition (much of which was prepared and ready to be printed in the public press before the document was filed); and believing that the conduct of Gately in filing the petition raised serious questions as to his qualifications to continue in the practice of law, the court determined that a public hearing should be held to inquire into the charges so made, and whether Gately's conduct in the circumstances was such as to justify his suspension as a member of the bar pending final determination of disbarment proceedings. Pursuant thereto an order was

issued requiring him to show cause why he should not be so suspended. A hearing thereon was concluded September 29, 1960. At the opening of this hearing Gately was advised that he had "the opportunity to publicly prove the charges that he has made" concerning the alleged bribery.

Full opportunity was afforded Brennan and Gately to establish the truth of the matters set forth in the petition, and all admissible and much incompetent evidence offered by Brennan was admitted and a complete record made of the proceedings. All of the witnesses who could possibly have any knowledge of the material facts, with the exception of Justice Holland whose physical incapacity did not permit his presence, were subpoenaed and were heard. Suffice it to say that not one word of competent evidence was offered to establish the fact that Mr. Justice Holland had accepted a bribe from Harding or any other person, for any purpose whatever.

The only evidence produced at the hearing as justification for the accusation of bribery was that a man named Harding had stated to Gately that he (Harding) only had to pay $3500.00 because E. V. Holland had been put through law school by him and he owed him a lot. The substantive issue in a matter of this kind is whether a bribe was in fact paid. The only issue which was tried at the hearing was whether the statement by Harding was made as alleged. Gately himself clearly indicated a lack of confidence in Harding's character. He asserted that when Harding gave utterance to the defamatory words he was in an expansive mood, that he was "in his cups" from consumption of alcoholic liquor. Mr. Gately testified that Mr. Brennan had heard the entire conversation, but the testimony of the latter fell far short of the version to which Gately testified. In several important particulars the testimony of Gately was flatly contradicted by the spoken word of reputable persons and by every logical inference to be drawn from undisputed facts.

From the record before us and the testimony of Gately and Mr. Brennan, it appears that they did meet in the office of Harding after the second case had been disposed of; that there was talk about the case; and that Harding made a telephone call to Judge Holland. No witness testified that Judge Holland made any statement in that phone conversation which was inconsistent with proper conduct. Gately and Mr. Brennan are not in agreement as to what was said thereafter between Gately and Harding. Harding denied ever calling Judge Holland, and denied making any reference to him. It is of no consequence as to whether we believe any of them since the testimony in its most effective form falls far short of proof that anyone gave or received a bribe. This alleged loose talk admittedly occurred when Harding was "in his cups," when "I would say he, Harding, was showing off."

"MR. BRENNAN: I wouldn't say he was drunk. MR. JUSTICE HALL: Would you say he was sober? THE WITNESS: Not entirely either."

The alleged statement made by Harding, a man not trusted by Gately himself, long after any possible bribery would have been consummated, could not possibly be considered as competent evidence to establish the truth of the charge made against Holland. Any lawyer who would argue to the contrary demonstrates conclusively an utter lack of comprehension of basic legal principles or a total lack of that quantum of responsibility every lawyer is expected to possess.

All of the testimony received in connection with the disciplinary action has been made a part of the record in this cause as related to the Petition to Vacate Opinion and Judgment for Fraud. On October 17, 1960, pursuant to notice to Brennan Construction Company and its attorney Mr. Gately, an opportunity was afforded for the presentation of any competent evidence in support of the petition which had not been offered and received in the disciplinary action. No competent evidence was offered.

Such evidence as was tendered was clearly inadmissible. We find no justification whatever for the filing of the petition under consideration. We state unequivocally that not one word of competent evidence has been introduced to establish that a bribe was received by a former member of this court. It is very clear that Gately is not only the author of the petition, but he is the prime moving party. The Brennan Company has long been inactive and Gately was shown to have very recently filed corporate reports in order to serve the purposes of the petition. The only asset listed in the report is the claim for damages which was the subject of the litigation long since concluded as hereinabove set forth.

The whole chain of events connected with the filing of the petition after so long a delay and the prearranged publicity at a time when Mr. Gately was seeking election to the office of district attorney; his irresponsible accusations directed at distinguished and reputable members of the bar of Colorado Springs made during the hearings in open court; his castigation of all members of the Supreme Court in a televised political program during a recess of the hearings; and his failure to establish by one word of competent evidence the truth of his long-delayed accusation, prove conclusively that a reckless irresponsibility and a paucity of professional integrity prompted the presentation of the petition.

Being presented with no proof whatsoever that a bribe was offered, given or accepted, and no proof that the denial of Brennan's claim for $3,000,000.00, or $300,-000.00 (depending on the mood of Gately) was tainted with fraud or corruption, and being thoroughly satisfied that the judgments of the trial court, this court and the Supreme Court of the United States are clearly correct, and the result of honest, careful and correct analysis of the problems presented, the petition should be and hereby is denied.

All the Justices concur in this opinion.